**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,

vs.

MARSHALLS OF MA, INC.
d/b/a Marshalls #1101036, and
HART MIRACLE MARKETPLACE, LLC

       Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Marshalls of MA, Inc. doing business as Marshalls #1101036 and Defendant Hart Miracle Marketplace, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.     Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.     Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4.     Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5.     Defendant Marshalls of MA, Inc. (also referenced as "Defendant Marshalls, Inc.," "operator," lessee" or "co-Defendant") is a foreign corporation authorized to transact business in Florida. Marshalls of MA, Inc. is a subsidiary of Marshalls, Inc., which is a subsidiary of TJX Companies. The parent TJX Companies is an American multinational off-price department store corporation which is a NYSE company and part of the S&P 500 retail component.

6.     Defendant Hart Miracle Marketplace, LLC (also referenced as "Defendant Hart LLC," "Lessor," "Owner," or "co-Defendant") is the owner of real property located at 3301 Coral Way, Coral Gables, Florida 33145, which is also referenced as Folio 01-4109-069-0020. Defendant Hart LLC's real property is built out as a mixed-use commercial center. Hart LLC leases its mixed-use commercial center (in part) to a DSW retail store, a Nordstroms Rack retail store, a PetSmart retail store, a Hooters restaurant, an LA Fitness Athletic club and the Marshalls store which is the subject of this instant action. The Marshalls store is the portion of Defendant Hart LLC's commercial property, which is

leased to co-Defendant Marshalls, Inc. who in turn operates its Marshalls brand retail store at that location.

## FACTS

7.      The Marshalls brand is an American chain of off-price department stores. There are over 1,000 Marshalls stores in 42 of the United States and Puerto Rico and 61 Marshalls stores in Canada.  Marshalls stores sell clothing, footwear, handbags, accessories, and home goods. All Marshalls stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5) as an "other" sales establishment. The Marshalls store located at 3301 Coral Way which is the subject of this complaint is also referenced as "Marshalls (store)," "Marshalls #1101036," "(retail) store," or "place of public accommodation."

8.      As the operator of retail stores which are open to the public, Defendant Marshalls, Inc. is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a retail store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9.      Due to the close proximity to Plaintiff's home to the Marshalls store at 3301 Coral Way, on May 30, 2021 Plaintiff went to the Marshalls store to do some shopping.

10.      On entering the Marshalls store, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11.      Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator/lessee of the retail store (Defendant Marshalls, Inc.) and by the

owner/lessor of the commercial property which houses the retail store (Defendant Hart LLC).

12.     As owner/operator of over 1,000 retail stores, Defendant Marshalls, Inc. is well aware of the ADA and the need to provide for equal access in all areas of its stores. Therefore, Defendant Marshalls, Inc.'s failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Marshalls #1101036 is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13.     As the owner of commercial real property, part of which is operated as retail stores open to the public, Defendant Hart LLC is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant Hart LLC is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14.     As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15.     Plaintiff continues to desire to patronize the Marshalls #1101036, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16.     Any and all requisite notice has been provided.

17.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18.     The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42  U.S.C. §12101(b)(1)(2) and (4).

20.     Prior to the filing of this lawsuit, Plaintiff personally visited the Marshalls store at Coral Way, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21.     Defendant Marshalls, Inc. (operator of the Marshalls store which is located at 3301 Coral Way) and Defendant Hart LLC (owner of the 3301 Coral Way commercial property) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the subject Marshalls store, in derogation of 42 U.S.C. §12101 *et. seq*., and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Marshalls #1101036.

23.     Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25.     The commercial space which is owned by Defendant Hart LLC and which houses the Marshalls store (operated by Defendant Marshalls, Inc.) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, both the

owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i.  As to Defendant Marshalls, Inc. (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch.  This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

ii. As to Defendant Marshalls, Inc. (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can). The fact that the trash bin is encroaching over the accessible water closet clear floor space is a violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Marshalls, Inc. (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the accessible stall area without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to a stall partition.  This is a violation of 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear.  The clear maneuvering clearance for a

front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

iv.   As to Defendant Marshalls, Inc. (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet tissue dispenser without assistance in the accessible toilet compartment as the toilet tissue dispenser is not in the proper position or at the correct height above the finished floor, in violation of 2010 ADAAG §§604, 604.7 in violation of 28 C.F.R. Part 36, Section 604.9.6 which states that toilet paper dispenses shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet and the outlet for the dispense shall be 14 inches (355 cm) minimum and 19 inches (485 cm) maximum above the finished floor, and in violation of 309.4 and/or §4.16.6 of the 1991 ADA Standards.

v.   As to Defendant Marshalls, Inc. (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not use the seat cover dispenser without assistance, as it is mounted behind the water closet and out of reach for Plaintiff due to his disability. This is a violation of Section 4.2.5 at Fig. 5(b) of the ADAAG and Section 308.2.1 of the 2010 ADA Standards for Accessible Design.  Generally, the standards which require dispensers such as a seat cover dispenser be placed so that the maximum high forward reach is 48 in (1220 mm) and the minimum low forward reach is 15 in (380 mm) (see Fig. 5(a)). However, in this instance, due to the obstruction (of the toilet) to the seat cover dispenser, since the high forward reach is over an obstruction, Section 4.2.5 states that reach and

clearances must meet those shown in Fig. 5(b), so that the maximum high forward reach is 46 in (1170 mm) and the minimum low forward reach is 34 in (865 mm).

vi. As to Defendant Marshalls, Inc. (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (inside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

vii. As to Defendant Marshalls, Inc. (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (outside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design.

viii. As to Defendant Marshalls, Inc. (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror (outside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

26. Pursuant to 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, Defendants are required to make the commercial property which is being operated as a Marshalls store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the 3301 Coral Way commercial property and the Marshalls store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against the Defendant Hart Miracle Marketplace, LLC (owner of the 3301 Coral Way commercial property) and Defendant Marshalls of MA, Inc. (operator of the Marshalls store located therein) and requests the following relief:

a)      The Court declare that Defendants have violated the ADA;

b)      The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)      The Court enter an Order requiring Defendants to alter the 3301 Coral Way commercial property and the Marshalls store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)      The Court award reasonable costs and attorneys fees; and

e)      The Court award any and all other relief that may be necessary and appropriate.

Dated this 24th day of June 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156

Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*